UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JESSENIA ACOSTA,

                                                                                Civ. Action #:

                                        Plaintiff,
                                                                                **COMPLAINT**

                -against-
                                                                                Date Filed:

ROCKLAND N.Y. MEDICAL SERVICES, P.C.,
                                                                                Jury Trial Demanded

                                        Defendant.
-------------------------------------------------------------------------x

Plaintiff, Jessenia Acosta ("Plaintiff" or "Ms. Acosta"), by and through her attorneys,

Kantrowitz, Goldhamer & Graifman, P.C., complaining of the Defendant, Rockland N.Y. Medical

Services, P.C. ("Rockland Medical" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.        Plaintiff complains pursuant to the Pregnancy Discrimination Act ("PDA"),

Americans with Disabilities Act Amendments Act ("ADAAA"), Title VII of the Civil Rights Act

of 1964, as codified, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the New York State Executive Law,

Human Rights Law § 290, *et seq.* ("NYSHRL"), and any other cause of action which can be

inferred from the facts set forth herein, seeking damages to redress injuries Plaintiff has suffered

as a result of pregnancy, disability, and sex discrimination, failure to accommodate, failure to

engage in the interactive process, and retaliation for opposition thereof by Defendant.

## JURISDICTION AND VENUE

2.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337

and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action occurred in the district.

4.      All conditions precedent to filing this complaint have been satisfied. Ms. Acosta filed a complaint with the New York State Division of Human Rights ("NYSDHL"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2019. A notice of Right to Sue letter was issued by the EEOC for Ms. Acosta's complaint on February 16, 2021.[1] This action was properly commenced within 90 days of such issuance.

## THE PARTIES

5.      At all relevant times, Plaintiff, Jessenia Acosta, was and is an adult who resides in Rockland County, New York.

6.      At all relevant times, Defendant, Rockland N.Y. Medical Services, P.C. ("Rockland Medical" or "Defendant"), was and is a professional corporation with a principal place of business at 20 Squadron Blvd. #400, New City, NY 10956.

## FACTUAL BACKGROUND

### General Background of Ms. Acosta's Employment for Defendant

7.      At all times relevant herein, Ms. Acosta was employed by Defendant, unless noted otherwise.

8.      On March 4, 2019, Ms. Acosta was hired by Defendant as a front desk receptionist.

9.      At the time of her hire, Ms. Acosta was not pregnant.

---

[1] The Right to Sue is dated November 5, 2020, but due to a clerical issue within the EEOC, was not issued until February 16, 2021. On February 16, 2021, Ms. Holly Shabazz sent a copy of the Right to Sue to Plaintiff's counsel and wrote, "receipt of this copy of the [Notice of Right to Sue] via email gives you 90 days to file a lawsuit in court."

10.     Defendant is a professional corporation which provides internal medicine services for its patients.

11.     Defendant is run by Dr. Yanina Kotylar, a practitioner of internal medicine.

12.     Yan Kutsy is Defendant's office Supervisor, who is responsible for overseeing the office.

13.     Mr. Kutsy was responsible for Ms. Acosta's hiring.

14.     Ms. Acosta was never provided with an employee handbook upon her hire or at any time during her employment for Defendant.

15.     Ms. Acosta was also never provided with any instructions, policies, or guidance regarding how, or to whom, to make potential complaints of discrimination, harassment, or retaliation, or any information at all in terms of who handled human resources matters.

16.     Ms. Acosta was told by Mr. Kutsy when she was hired that her schedule would be 9:00 a.m. to 5:00 p.m., Monday through Thursday, and 9:00 a.m. to 3:30 p.m. on Friday.

17.     However, upon commencing her employment, Ms. Acosta's shift was unilaterally altered by Defendant to Monday through Thursday, totaling, on average, 9.5 to 11 hours per day.

**Ms. Acosta's Pregnancy**

18.     On April 3, 2019, Ms. Acosta first discovered that she was pregnant.

19.     On April 10, 2019, Ms. Acosta informed Dr. Kotylar that she was pregnant.

20.     Dr. Kotylar responded that she was concerned about Ms. Acosta going on maternity leave and trying to replace her when she was out.

21.     Ms. Acosta replied that she did not plan on taking maternity leave until the end of her pregnancy and that she would return quickly, because she already had a plan for work related childcare.

22.     During this same conversation, Ms. Acosta told Dr. Kotlyar that she did not want her pregnancy to be public knowledge in the office.

23.     On April 15, 2019, Manager Tina Tornill expressed concern to Ms. Acosta regarding who would be taking her place when she takes maternity leave. At that time, Ms. Acosta had not told Ms. Tornill of her pregnancy.

24.     As she explained to Dr. Kotlyar, Ms. Acosta told Ms. Tornill that she did not plan on taking maternity leave for a while and that she would return quickly after taking maternity leave.

25.     Ms. Tornill told Ms. Acosta that she would now have to do extra work due to another employee leaving and added that she was unsure if Ms. Acosta could "handle the work."

26.     Over the next two weeks, Ms. Acosta worked a combined 83.5 hours, but she was not compensated at the overtime rate for the additional 3.5 hours worked.

**Ms. Acosta's Pregnancy Related Issues and Accommodation Requests**

27.     On April 24, 2019, Ms. Acosta was overcome by morning sickness relating to her pregnancy. The symptoms included low blood pressure, vomiting, nausea, among others.

28.     Ms. Acosta called Defendant's officer and informed them that she would not be able to come in due to the pregnancy-related illness.

29.     The following day, Ms. Acosta gave Doctor's Assistant Aliyah Cham a doctor's note, which corroborated the reason for her absence the day prior.

30.     On April 29, 2019, Ms. Acosta requested an accommodation from Ms. Tornill, specifically asking permission to take a few small breaks throughout the day, due to her pregnancy and nausea.

31.     Ms. Acosta was eventually granted this accommodation in the form of a ten-minute break every three to four hours.

32.     On more than one occasion, Ms. Acosta found herself in close proximity to Dr. Kotlyar, who would smoke in the kitchen area of the office where Ms. Acosta would take breaks.

33.     Dr. Kotlyar would smoke in the office practically every single say that she worked there, including smoking in the kitchen area along with three other employees, Alex, Raya, and Tina, and smoking in her personal office after patients left.

34.     As a result of inhaling the smoke, Ms. Acosta became sick and vomited.

35.     On one of the days that Ms. Acosta became sick due to the smoke exposure, she went to the hospital for treatment in part due to the smoke.

36.     On May 1, 2019, Ms. Acosta was suffering from morning sickness, which was exacerbated from Dr. Kotlyar's smoking. She informed Defendant that she would not be able to come in that day.

37.     On May 2, 2019, Ms. Acosta returned and provided Ms. Cham with a doctor's note relating to her absence the day prior.

38.     Ms. Cham responded, "You're trying to cover your ass."

39.     That same day, Ms. Acosta met with her "supervisor," Taylor Trimarco, and explained to her that she became sick partially due to Dr. Kotlyar smoking in the office.

40.     Unfortunately, the accommodation of short breaks during the workday did not help Ms. Acosta, as she continued to suffer from morning sickness.

41.     On May 4, 2019, Ms. Acosta texted Ms. Tornill, asking if she could work the later shift twice a week, so she would work from 12:00 p.m. to close.

42.     Ms. Tornill responded that she did not believe that she could allow Ms. Acosta to come in later at that time. No further interactive process was engaged in after that point.

43.     Ms. Acosta continued to work her regular schedule of 10 hours per day from Monday through Thursday.

44.     On May 6, 2019, during her shift, Ms. Acosta noticed that she was spotting and was concerned that it was related to her pregnancy. She told Ms. Trimarco and coworker Cendy Guerrier about the spotting.

45.     After the last patient left that day, Ms. Acosta told Dr. Kotlyar about the spotting, and she responded by rolling her eyes.

46.     Ms. Acosta told Ms. Trimarco, Ms. Guerrier, and Dr. Kotlyar that she was going to the emergency room after work.

47.     After leaving the office, Ms. Acosta went to the hospital to get examined.

48.     At 9:29 pm that same night, Mr. Kutsy terminated Ms. Acosta via text message. Mr. Kutsy told Ms. Acosta that she was terminated due to "insubordination and inability or unwillingness to do the work," despite Ms. Acosta working that same day, and having received no previous formal or informal noted issues with her performance.

49.     The following day, Ms. Acosta was replaced by another woman named Lilla, who, upon information and belief, was not pregnant at the time she was hired.

50.     As a result of the treatment at work, Ms. Acosta has been damaged emotionally and financially.

**NYSDHR Complaint and EEOC Charge**

51.     On July 15, 2019, Ms. Acosta filed a complaint with the NYSDHR, alleging pregnancy discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation. This complaint was cross-filed with the EEOC.

52.     The NYSDHR added claims of sex-based discrimination and disability discrimination to Ms. Acosta's complaint.

53.     On December 31, 2019, after a full investigation into Ms. Acosta claims, the NYSDHR issues a Probable Cause determination, finding that probable cause exists to believe that Defendant engaged in all the unlawful discriminatory practices complained of.

54.     Ms. Acosta withdrew her complaint from the NYSDHR to pursue her claim before this Court.

**FIRST CAUSE OF ACTION**
**Title VII – Sex and Pregnancy Discrimination**

55.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

56.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for relief based upon the unlawful employment practices of Defendant.

57.     Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based upon an employee's sex and/or pregnancy.

58.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et seq.*, by discriminating against Plaintiff because of her sex and pregnancy.

**SECOND CAUSE OF ACTION**
**NYSHRL – Sex and Pregnancy Discrimination**

59.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

7

60.     Executive Law § 296 provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . sex . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

61.     Defendant engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff because of her sex and pregnancy.

## THIRD CAUSE OF ACTION
### ADA – Disability Discrimination

62.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

63.     This claim is authorized and instituted pursuant to the provisions of the Americans with Disability Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

64.     Plaintiff complains of Defendant's violation of the ADA's prohibition against discrimination in employment based upon an employee's disability or perceived disability.

65.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 12102, *et seq.*, by discriminating against Plaintiff because of her disability or perceived disability.

## FOURTH CAUSE OF ACTION
### NYSHRL – Disability Discrimination

66.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

67.     Executive Law § 296 provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . disability . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

68.     Defendant engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff because of her disability, perceived disability, and/or pregnancy-related condition.

## FIFTH CAUSE OF ACTION
### Title VII – Retaliation Against Plaintiff

69.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

70.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for relief based upon the unlawful employment practices of Defendant.

71.     Plaintiff complains of Defendant's violation of Title VII's prohibition against retaliation in employment.

72.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et seq.*, by retaliating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

## SIXTH CAUSE OF ACTION
### NYSHRL – Retaliation Against Plaintiff

73.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

74.     Executive Law § 296(7) provides that, "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

75.     Defendant engaged in unlawful employment practices prohibited by the NYSHRL by retaliating against Plaintiff because of her opposition to the unlawful employment practices of Defendant.

## SEVENTH CAUSE OF ACTION
### ADA – Failure to Accommodate/Engage in Interactive Process

76.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

77.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 12112, *et seq.*, 29 C.F.R. § 1630.2(o)(3), by failing to provide reasonable accommodations to Plaintiff and failing to engage in an interactive process in violation of those statutes.

## EIGHTH CAUSE OF ACTION
### NYSHRL – Failure to Accommodate/Engage in Interactive Process

78.     Plaintiff realleges and incorporates all allegations in all preceding paragraphs.

79.     Defendant engaged in unlawful employment practices prohibited by Executive Law § 296, *et seq.*, by failing to provide reasonable accommodations to Plaintiff and failing to engage in an interactive process in violation of that statute.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant, where applicable, for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.

Dated:  Chestnut Ridge, New York
       March 8, 2021

                        Respectfully submitted,

                        **KANTROWITZ, GOLDHAMER
                        & GRAIFMAN, P.C.**

                        Sam B. Smith
                        Randy J. Perlmutter
                        747 Chestnut Ridge Road, Suite 200
                        Chestnut Ridge, New York 10977
                        Tel: (845) 356-2570
                        ssmith@kgglaw.com
                        ***Attorneys for Plaintiff***